UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GILE, an individual, on behalf of himself and all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOLGEN CALIFORNIA, LLC, a Tennessee limited liability company, et al.,<br><br>Defendants. | Case No. 5:20-cv-01863-MCS-SP<br><br>ORDER DENYING MOTION TO COMPEL ARBITRATION (ECF NO. 53) |

Before the Court is Defendant Dolgen California, LLC's motion to compel arbitration under the Federal Arbitration Act ("FAA"), filed on August 27, 2021. Mot., ECF No. 53. Plaintiffs Randolph Gallegos and Brian Gile filed an opposition on September 10, 2021, Opp'n, ECF No. 55, and Defendant filed a reply on September 17, 2021. Reply, ECF No. 59. The Court resolves the motion without oral argument. Fed. R. Civ. P. 78, L.R. 7-15. For the following reasons, the Court **DENIES** the motion.

**I.  BACKGROUND**

Plaintiffs sued Defendant for various wage and hour violations in California state

court on July 2, 2020. ECF No. 1-1. Defendant removed this case from state court on September 10, 2020, starting an extensive course of litigation in this Court. ECF No. 1. On October 19, 2020, Defendant filed a motion to dismiss. ECF No. 14. It argued that all the claims Plaintiffs asserted failed as a matter of law. *Id.* Plaintiffs filed their First Amended Complaint in response on November 9, 2020. ECF No. 16. Following this, Defendant stipulated to Plaintiffs filing five more amended complaints. ECF Nos. 18, 21, 27, 30, 34. After Plaintiffs filed their Sixth Amended Complaint on April 19, 2021, ECF No. 36, Defendant filed another motion to dismiss. ECF No. 37. Defendant once again argued that all Plaintiffs' alleged claims failed as a matter of law. *Id.* After the Court granted Defendant's motion to dismiss with leave to amend, ECF No. 40, Plaintiffs filed their Seventh Amended Complaint on June 17, 2021. ECF No. 41. Defendant answered the Seventh Amended Complaint on July 2, 2021. ECF No. 44. Plaintiffs also filed a joint Rule 26(f) report with Defendant's signature on August 16, 2021. ECF No. 47. Defendant filed a revised report on September 13, 2021. ECF No. 56. Only after this extensive pleadings stage did Defendant decide to try a new tactic—filing a motion to compel arbitration. Defendant did so on August 27, 2021. Mot.

**II.  LEGAL STANDARD**

"[T]he Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

Generally, a court's role is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

"The right to arbitration, like other contractual rights, can be waived." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Hoffman Constr. Co. of Or. v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). This showing is a heavy burden because "[w]aiver of a contractual right to arbitration is not favored." *Fisher*, 791 F.2d at 694.

### III. DISCUSSION

Dolgen seeks to compel arbitration of Gallegos's claims. *See generally* Mot. The parties do not dispute the validity of the arbitration agreement between Gallegos and Dolgen. *See* Opp'n. Plaintiffs instead argue Defendant's motion to compel arbitration should fail for three reasons: first, that Defendant waived its right to arbitrate this dispute; second, that Defendant cannot compel Gallegos to arbitrate his PAGA claim; and third, that compelling Gallegos to arbitrate some claims does not warrant staying the entire case. *Id.* Because Plaintiffs meet their burden of showing Defendant waived its right to arbitrate, the Court declines to address Plaintiffs' other grounds.

Regarding the first element of the waiver analysis, Defendant admitted it knew of its right to arbitrate over a year ago, when it removed the case to this Court. Reply 5 (citing ECF No. 1 ¶ 29). *See United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 765 (9th Cir. 2002) (holding a court filing referencing an arbitration agreement establishes that party's knowledge of an agreement to arbitrate).

In determining whether a party acted inconsistently with its right to arbitrate, the

Court "consider[s] the totality of the parties' actions." *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019). "There is no concrete test" for determining this threshold, but "a party acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Id.* (internal quotation marks omitted).

The analysis in *Newirth* governs the result for this element. In *Newirth*, a party filed a motion to compel arbitration but later withdrew it. *Id.* at 942. Instead, that party filed a motion to dismiss for failure to state a claim. *Id.* The district court granted that motion to dismiss. *Id.* Only after receiving that judgment on the merits did that party renew its motion to compel arbitration. *Id.* The Ninth Circuit held that seeking a judgment on the merits from the district court was activity inconsistent with exercising the right to arbitrate. *Id.* at 943.

Very similar facts exist here. Defendant filed its motion to compel arbitration only after removing the action from federal court over a year ago and after receiving a motion to dismiss on the merits in its favor. ECF No. 40. Defendant's "extended silence and much-delayed demand for arbitration indicates a 'conscious decision to . . . seek judicial judgment on the merits of [the] arbitrable claims." *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (alteration in original) (quoting *Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons*, 821 F.2d 772, 777 (D.C. Cir. 1987)). Defendant's choices here are "inconsistent with the agreement to arbitrate those claims." *Id.*; *see Martin*, 829 F.3d at 1126 (finding seventeen months of litigation, a joint stipulation to structuring litigation, and filing motions to dismiss on the merits as activity inconsistent with the right to arbitrate).

By engaging in this behavior, Defendant made an intentional decision not to move to compel arbitration and instead actively litigated the merits of this case for a prolonged period of time to take advantage of being in court. *Newirth*, 931 F.3d at 941. Thus, Plaintiffs have made the strong showing necessary to show Defendant acted

inconsistently with its right to arbitrate.

Defendant argues that it did not act inconsistently because its motions to dismiss were based on pleading deficiencies rather than the merits of the case. Reply at 4. The Court disagrees. Defendant's motions sought judgments on the merits of Plaintiffs' claims. *E.g.*, ECF No. 37, at 11–13 (contending Plaintiffs' wage statement claim failed as a matter of law because the statements accurately reported wages paid). *See Martin*, 829 F.3d at 1126 n.4 ("When defendants move for dismissal with prejudice on a key merits issue that would preclude relief as to one or more of plaintiffs' claims, as they did here, they are seeking a ruling on the merits."). Thus, Defendant does not meaningfully rebut Plaintiffs' showing.

In determining whether the non-moving party suffers prejudice under *Fisher*, a plaintiff breaching an arbitration agreement by filing in federal court cannot show prejudice "by costs incurred in preparing the complaint, serving notice, and litigating non-merits issues (such as jurisdiction and venue)." *Newirth*, 931 F.3d at 943. Such a plaintiff is not even "prejudiced by costs incurred due to substantial discovery in federal court, even though such discovery would be rendered nugatory by a direction that arbitration now be had." *Id.* (internal quotation marks omitted). Nevertheless, "[a] breaching plaintiff may . . . show prejudice when the defendant has engaged in acts that are inconsistent with its right to arbitrate . . . and the plaintiff has incurred costs due to such inconsistent acts." *Id.* at 943–44.

Here, Plaintiffs have accrued significant costs that they would not have incurred had Defendant moved to compel arbitration during the eleven months between removal and the filing of the motion. Plaintiffs had to expend costs to determine whether to respond to Defendant's initial motion to dismiss or to file an amended complaint. For each subsequent pleading, Plaintiffs had to expend costs during the Local Rule 7-3 conferences to determine whether they had strong objections to the motion to dismiss. Indeed, the costs Plaintiffs have incurred since October 19, 2020, when Defendant filed a motion to dismiss rather than a motion to compel arbitration, have been costs that

Plaintiffs incurred as a result of Defendant refusing to exercise its right to arbitrate. These costs are sufficient to establish prejudice. *See id.* at 944 (finding prejudice after expending costs to defend against a motion to dismiss where the defendant received a favorable result); *Martin*, 829 F.3d at 1127 ("When a party has expended considerable time and money due to the opposing party's failure to timely move for arbitration and is then deprived of the benefits for which it has paid by a belated motion to compel, the party is indeed prejudiced."). Thus, Plaintiffs have made the strong showing necessary to demonstrate prejudice.

Defendant argues there is no prejudice because Plaintiffs only claimed prejudice stems from discovery expenses and strategy choices. Reply 6–7. While Defendant correctly identifies the relevant language from *Newirth*, 931 F.3d at 943, Defendant ignores that these costs are cognizable if they occur *after* activity inconsistent with the right to arbitrate. *Id.* at 944. Since Defendant acted inconsistently with the right to arbitrate, these objections do not diminish Plaintiffs' strong showing of prejudice.

Plaintiffs have made the strong showing necessary to demonstrate that Defendant waived its right to arbitrate.

## IV. CONCLUSION

Defendant waived its right to arbitrate this dispute. Thus, Defendant's motion to compel arbitration is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 15, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE