Mike Arias, Cal. Bar No. 115385
mike@aswtlawyers.com
Craig S. Momita, Cal. Bar No. 163347
craig@aswtlawyers.com
**ARIAS SANGUINETTI WANG & TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Eric B. Kingsley Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
Liane Katzenstein Ly Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
Ari J. Stiller Esq., Cal. Bar No. 294676
ari@kingsleykingsley.com
**KINGSLEY & KINGSLEY, APC**
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Facsimile: (818) 990-2903

Attorneys for Plaintiffs and the Proposed Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN GILE, an individual, on behalf of himself and all others similarly situated; RANDOLPH GALLEGOS, an individual, on behalf of himself and all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>DOLGEN CALIFORNIA, LLC, a Tennessee limited liability company; and DOES 1 through 100, inclusive,<br><br>DEFENDANTS. | CASE No. 5:20-cv-01863-MCS-SP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Plaintiff's Statement of Genuine Disputes]*<br><br>Date: January 23, 2023<br>Time: 9:00 a.m.<br>Crtrm.: 7C<br>Judge: Hon. Mark C. Scarsi |

TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. RELEVANT FACTS AND PROCEDURAL HISTORY ........ 2

A. Factual Background ........ 2

B. Procedural History ........ 2

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 5

A. Plaintiff Gallegos Has Standing to Pursue PAGA Claims on Behalf of the Aggrieved Employees, Including Those Who Signed Arbitration Agreements ........ 5

B. Moreover, If The Court Finds It Necessary To Analyze The Arbitration Agreements, Aggrieved Employees' Claims Are Not Subject To Arbitration ........ 9

1. Standard Governing Arbitration Agreements ........ 10

2. The Arbitration Agreements Contain Invalid PAGA Waivers ........ 10

3. Unlike *Viking River*, There Is No Provision In The Agreement To Bifurcate And Compel Employees' Individual PAGA Claims ........ 12

V. CONCLUSION ........ 13

TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*Adickes v. S. H. Kress & Co.*,
398 U.S. 144 (1970) ........ 5

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ........ 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........ 5

*Dufay v. Bank of Am. N.T. & S.A. of Oregon*,
94 F.3d 561 (9th Cir. 1996) ........ 5

*Gonzales v. Charter Commc'ns, LLC*,
No. 2:20-CV-08299-SB-AS, 2022 WL 17578867 (C.D. Cal. Nov. 18, 2022) 6, 7, 8, 9

*Hamilton v. Wal-Mart Stores, Inc.*,
39 F.4th 575 (9th Cir. 2022) ........ 6

*Ingle v. Circuit City Stores, Inc.*,
328 F.3d 1165 (9th Cir. 2003) ........ 10

*Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*,
662 F2d 641 (9th Cir. 1981) ........ 5

*Potts v. Sirius XM Radio Inc.*,
No. CV 21-9755-DMG (KSX), 2022 WL 17098184 (C.D. Cal. Oct. 25, 2022) ... 10, 11

*Viking River Cruises, Inc. v. Moriana*,
596 U.S. _, 142 S. Ct. 1906 (2022) ........ passim

**State Cases**

*Huff v. Securitas Security Services USA, Inc.*,
23 Cal.App.5th 745 (2018) ........ 7

*Iskanian v. CLS Transp. Los Angeles, LLC*,
59 Cal.4th 348 (2014) ........ 6, 7, 8, 9, 11

*Kim v. Reins Int'l California, Inc.*,
9 Cal. 5th 73 (2020) ........ 4, 6, 7

*Mills v. Facility Sols. Grp., Inc.*,
84 Cal. App. 5th 1035, 300 Cal. Rptr. 3d 833 (2022) ........ 11

*Navas v. Fresh Venture Foods, LLC*,
85 Cal. App. 5th 626, 301 Cal. Rptr. 3d 423 (2022) ........ 11

*Ramos v. Westlake Services LLC*,
242 Cal.App.4th 674 (2015) ........ 10

*Securitas Security Services USA, Inc. v. Superior Court*,
234 Cal.App.4th 1109 (2015) ........ 11

**Federal Statutes**

9 U.S.C. § 2 .......... 10

**State Statutes**

Labor Code § 2699(c) .......... 6
Labor Code § 2699(f),(i) .......... 8
Labor Code § 2699.3 .......... 2
Labor Code § 2802 .......... 1, 2

**Federal Rules**

Fed. R. Civ. P. 23(f) .......... 3
Fed. R. Civ. P. 56(a) .......... 5
Fed. R. Civ. P. 56 .......... 10

# MEMORANDUM

## I. INTRODUCTION

The Court should deny Defendant Dolgen California, LLC's motion for partial summary judgment and permit Plaintiff Gallegos's Private Attorneys General Act ("PAGA") claim to move forward in its entirety. Plaintiff Gallegos's PAGA claim alleges that Defendant failed to reimburse him and aggrieved employees' expenses pursuant to Labor Code section 2802. The Court has already found that Defendant waived its right to compel arbitration with respect to Plaintiffs' claims. *See* Dkts. 67, 150. Defendant now argues that Plaintiff Gallegos cannot bring a PAGA claim on behalf of employees who are subject to arbitration agreements by erroneously relying on *Viking River Cruises, Inc. v. Moriana*, 596 U.S. _, 142 S. Ct. 1906 (2022). This Court has already indicated the inapplicability of *Viking River*, which turned on the named plaintiff's arbitration agreement, unlike here where the named Plaintiff is not subject to arbitration. The Court's order denying class certification acknowledges that Plaintiff Gallegos need not certify his PAGA claim. The Court's order partially granting Plaintiff's motion to compel discovery opines that Plaintiff has standing to pursue his PAGA claim on behalf aggrieved employees, including those subject to arbitration. Dkts. 125, 145. This only makes sense because PAGA authorizes an employee to stand in the shoes of the State of California to collect penalties for Labor Code violations suffered by the named plaintiff and other aggrieved employees. Nothing in *Viking River* precludes recovery of penalties for violations suffered by aggrieved employees simply because they agreed to arbitrate their claims.

Regardless, Defendant's arbitration agreement does not make *any* employees subject to arbitration because it contains an invalid PAGA waiver, which must be stricken. Lastly, if the Court is inclined to grant Defendant's motion, Plaintiff's PAGA action must still be maintained on behalf of the aggrieved employees who did not sign an arbitration agreement or chose not to be bound by one.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Factual Background

DG operates a nationwide chain of retail stores, of which approximately 260 are located in California. UMF #1. Plaintiff Gallegos was employed by DG in various positions including as an hourly, non-exempt store manager. Dkt. 41, ¶ 29. In the operative complaint, Plaintiffs alleges that DG failed to reimburse its employees for necessary business expenses, did not pay all wages owed, did not pay for all hours worked, did not pay all wages owed upon discharge, did not provide lawful meal and rest breaks, did not provide accurate and itemized wage statements, and that DG engaged in unfair competition. Dkt. 41–41-1.

Defendant required its employees to review an arbitration agreement as a condition of employment. UMF #8. Plaintiff Gallegos signed such an arbitration agreement. Dkt. 53-1, Ex. 2.

Since its inception, Plaintiff Gallegos has narrowed the case and currently, the only claim remaining is for failure to reimburse expenses pursuant to Labor Code section 2802. Plaintiff Gallegos is pursuing that claim on an individual basis and as part of a representative action under PAGA. The PAGA group is defined as: "all current and former non-exempt hourly employees, employed by Defendant as a Key Carrier at any of its Dollar General stores in California during the time period of November 9, 2019 to the present." According to Defendant's records, there are 5,893 PAGA Group Members from November 9, 2019 to November 11, 2022. UMF #11. Of those 5,893 PAGA Group Members, 64 are not bound by the arbitration agreement. UMF #12.

### B. Procedural History

This action was initiated on July 6, 2020, in San Bernardino County Superior Court. Dkt. 1-1. On July 14, 2020, Plaintiffs sent a PAGA Notice via certified mail to Dollar General and the Labor and Workforce Development Agency ("LWDA") pursuant to Labor Code section 2699.3. See Dkt. 16-1. On September 10, 2020,

Defendant removed the action to federal court. *See* Dkt. 1.

On August 27, 2021, Dollar General filed its Motion to Compel Arbitration. *See* Dkt. 53. On November 15, 2021, the Court denied Dollar General's motion, holding that Dollar General waived its right to arbitrate. *See* Dkt. 67. On December 6, 2021, Dollar General appealed and simultaneously moved to stay trial court proceedings pending appeal. Dkt. 68-69. On November 28, 2022, the Ninth Circuit affirmed this Court's order denying arbitration on the basis of waiver. Dkt. 150.

On May 9, 2022, Plaintiff Gallegos moved for class certification, seeking to certify seven (7) proposed subclasses. Dkt. 99. Plaintiff then learned of a previous settlement that extended the release of claims that overlapped with the class periods he sought to certify; thus, on June 21, 2022, the Parties submitted a stipulation to strike four subclasses from Plaintiff's motion. Dkt. 110-1. On August 2, 2022, the Court denied Plaintiff's Motion for Class Certification, stating that Plaintiff Gallegos was not a typical and adequate class representative because, while he *did* sign an arbitration agreement, Dollar General waived its right to enforce the agreement as to him. Dkt. 125. This made him atypical and an inadequate class representative for the absent class members who signed arbitration agreements. Dkt. 125.

In its order denying class certification, the Court acknowledged that Plaintiff Gallegos need not certify his PAGA claim, because "PAGA suits exhibit virtually none of the procedural characteristics of class actions. The plaintiff does not represent a class of injured individuals, so there is no need for class certification." Dkt. 125, citing *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1920 (2022).

On August 15, 2022, Plaintiff Gallegos filed a Petition for Permission to Appeal Class-Certification Order Pursuant to Federal Rule of Civil Procedure 23(f). On October 18, 2022, the Parties moved jointly to stay trial court proceedings pending the outcome of the Parties' respective appeals. Dkt. 133–133-10. On October 24, 2022, hours after this Court denied the Parties' request to stay the case, the Ninth Circuit granted Plaintiff's Petition. Dkt. #135.

On August 26, 2022, this Court ordered a briefing schedule with a trial date of April 18, 2023. Dkt. #130.

Additionally, on August 17, 2022, and prior to the Court's ordered briefing schedule above, Plaintiffs served Requests for Production, Set Three (Nos. 11-23) and Special Interrogatories, Set Two (Nos. 8-10). After granting extensions, Defendant responded with mostly objections. Plaintiff moved to compel these discovery responses. Dkt. 132–132-3. On November 10, 2022, Magistrate Judge Pym granted Plaintiff's Motion to Compel in large part, ordering Defendant to produce responsive documents relating to reimbursements and requests for reimbursements related to bank drops. Dkt. 145. The order reviewed PAGA, *Viking River*, and *Kim v. Reins Int'l California, Inc*., 9 Cal. 5th 73, 86 (2020), explaining *Viking River* did not address the issue here, and that under the relevant authorities, Plaintiff has standing to pursue PAGA on behalf of aggrieved employees, including those subject to arbitration. Dkt. 145 at 3-5. On November 23, 2022, Defendant filed its Motion for Review of the Magistrate Judge's Order. Dkt. 149–149-1. On December 1, 2022, before Plaintiffs filed an opposition, this Court deemed the motion untimely and denied it. Dkt. 151.

Defendant also noticed Plaintiff Gile's deposition for November 11, 2022, but Plaintiff objected. On November 9, 2022, Defendant moved ex parte before Magistrate Judge Pym for an order compelling the deposition of Plaintiff Gile. Dkt. 142–142.1. Magistrate Judge Pym granted Defendant's application. Dkt. 147. On November 14, 2022, the Parties stipulated to extend the dates in this Court's Scheduling Order for the limited purpose of Defendant taking Plaintiff Gile's deposition in November 21, 2022. Dkt. 146. The Parties' stipulation was granted. Dkt. 148.

On December 12, 2022, Defendant's counsel sent meet and confer correspondence to Plaintiff's counsel communicating its intent to file the instant motion unless Plaintiff Gallegos agreed to narrow the PAGA definition to exclude persons who signed arbitration agreements. Plaintiff Gallegos declined. On December 19, 2022, Defendant filed the instant motion. Dkt. 153. This Opposition follows.

## III. LEGAL STANDARD

Summary judgment must be denied if there is any "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The burden is on the moving party to prove both that there is no dispute and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986).1 When evaluating the evidence, the Court must view it "in the light most favorable" to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The Court must accept the non-moving party's evidence as true in addition to construing the reasonable inferences in the non-moving party's favor. *Dufay v. Bank of Am. N.T. & S.A. of Oregon*, 94 F.3d 561, 564 (9th Cir. 1996).

The court may not grant summary judgment without affording the opposing party "sufficient time . . . for discovery necessary to develop 'facts essential to justify (a party's) opposition' to the motion." *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F2d 641, 645 (9th Cir. 1981).

## IV. ARGUMENT

### A. Plaintiff Gallegos Has Standing to Pursue PAGA Claims on Behalf of the Aggrieved Employees, Including Those Who Signed Arbitration Agreements

It is undisputed that Defendant has waived its right to compel Plaintiff's PAGA claim to arbitration, per the Court's order, which the Ninth Circuit affirmed. *See* Dkts. 67, 150. All that is needed to sustain a representative PAGA claim on behalf of other aggrieved employees is for the named plaintiff bringing it to have standing, which Plaintiff does. As explained below, *Viking River,* which involved a named plaintiff who was subject to arbitration, is inapplicable here. This Court must therefore deny Defendant's motion because Plaintiff has standing to bring a PAGA action on behalf of himself, in the shoes of the State of California, and all aggrieved employees, regardless of whether they signed arbitration agreements.

Defendant fundamentally misunderstands statutory standing to bring a representative PAGA action and the U.S. Supreme Court's ruling in *Viking River*,

which involved completely different issues to here. *Viking River* addresses whether the FAA preempts California's *Iskanian* rule "that invalidates contractual waivers of the right to assert representative claims under" PAGA. *Viking River, supra,* 142 S.Ct. at p. 1913; *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (2014). The Supreme Court upheld *Iskanian*'s holding invalidating wholesale waivers of PAGA claims, finding it "is not preempted by the FAA." *Id.* at 1924-25; see *Iskanian, supra,* 59 Cal.4th at 383-84. The Supreme Court departed from *Iskanian* only by holding that states may not ban provisions in arbitration agreements that split PAGA into individual and representative components. *Viking River, supra,* 142 S.Ct. at 1923. Additionally, in dicta, the court then misinterpreted PAGA's standing provision as not permitting the plaintiff to maintain the non-individual PAGA claims after her individual claim is committed to a separate proceeding in arbitration. *Id.* at 1925. There is no contract here (because of waiver) to compel Plaintiff's individual PAGA claim or interfere with his standing to maintain his representative PAGA claim. As such, *Viking River* is inapplicable. *Gonzales v. Charter Commc'ns, LLC*, No. 2:20-CV-08299-SB-AS, 2022 WL 17578867, at *2 (C.D. Cal. Nov. 18, 2022).

Plaintiff has standing to pursue the PAGA claim on behalf of all aggrieved employees, including those who signed arbitration agreements. "The plain language of [Labor Code] section 2699(c) has only two requirements for PAGA standing. The plaintiff must be an aggrieved employee, that is, someone 'who was employed by the alleged violator' and 'against whom one or more of the alleged violations was committed.' (§ 2699(c).)" *Kim, supra,* 9 Cal.5th at 83-84. Plaintiff Gallegos is both. PAGA takes an "expansive approach to standing" serving the "state's interest in vigorous enforcement." *Kim, supra,* 9 Cal.5th at 85. For PAGA, unlike class actions, there is no further analysis to determine whether a PAGA action may be brought on behalf of others. That is because PAGA differs from class actions in structure and lacks class certification requirements. See *Viking River, supra,* 142 S. Ct. at 1920-21; *Hamilton v. Wal-Mart Stores, Inc.,* 39 F.4th 575, 583 (9th Cir. 2022); see ECF No.

125 at 3 (a PAGA action "need not be certified"). The employee representative serves as a type of qui tam relator and "[t]he government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit." (*Iskanian, supra,* 59 Cal.4th at 382; see also *Huff v. Securitas Security Services USA, Inc.* 23 Cal.App.5th 745, 757 (2018). The PAGA claim is the State's claim and every PAGA claim is "a dispute between the employer and the State." *Iskanian*, *supra,* 59 Cal.4th at 386. "A PAGA claim is legally and conceptually different from an employee's own suit for damages and statutory penalties. An employee suing under PAGA 'does so as the *proxy or agent of the state's labor law enforcement agencies*.'" *Kim*, 9 Cal. 5th at 81.*Viking River* explained:

> [A] PAGA plaintiff, by contrast, represents a single principal, the LWDA, that has a multitude of claims. As a result of this structural difference, PAGA suits exhibit virtually none of the procedural characteristics of class actions. The plaintiff does not represent a class of injured individuals, so there is no need for certification. PAGA judgments are binding only with respect to the State's claims, and are not binding on nonparty employees as to any individually held claims. [citation]. This obviates the need to consider adequacy of representation, numerosity, commonality, or typicality.

*Viking River, supra,* 142 S. Ct. at 1920. Moreover, regarding unnamed aggrieved employees, the court stated that "although the statute gives other affected employees a future interest in the penalties awarded in an action, that interest does not make those employees 'parties' in any of the senses in which absent class members are, . . . , or give those employees anything more than an inchoate interest in litigation proceeds." *Ibid.* Plaintiff has standing to bring this representative action. That is sufficient to maintain it on behalf of all aggrieved employees.

This case is on all fours with *Gonzales v. Charter Commc'ns, LLC*, No. 2:20-CV-08299-SB-AS, 2022 WL 17578867 (C.D. Cal. Nov. 18, 2022). There, the named plaintiff Gonzales, who was not bound by an arbitration agreement, sought to recover PAGA penalties "for other aggrieved employees, including those whose claims are

arbitrable." *Id.* at *1. Gonzales' PAGA claim was brought on behalf of 641 current and former employees, 493 of whom signed an arbitration agreement covering wage and hour disputes. *Ibid.* Defendant Charter argued "that Gonzales may not pursue penalties for any aggrieved employee who is bound to arbitrate his or her claims." *Id.* at *1. In support of its argument that "Gonzales cannot pursue PAGA penalties arising from labor code violations experienced by [aggrieved employees] who signed arbitration agreements," it "relie[d] on erroneous readings of *Viking River*." *Ibid.*

*Gonzalez* reviewed PAGA, California law, and *Viking River* in its analysis rejecting defendant Charter's argument. See *id.* at **1-3. Citing to *Iskanian*, the court explained that "a PAGA lawsuit is considered a wholly representative action in that the plaintiff is pursuing the individual and nonindividual claims solely in his or her role as a state agent." *Id.* at *2. PAGA penalties are based on "the number of aggrieved employees and number of pay periods for which an employer committed violations," with the penalties split 75% to the LWDA and 25% to the aggrieved employees. *Id.* at *2; Lab. Code § 2699(f),(i).

The holding in *Viking River* compelling an employee who has signed an arbitration agreement to arbitrate an individual PAGA claim and the subsequent of "statutory standing to pursue the nonindividual claims in court" is "inapplicable here because Gonzales did not sign an arbitration agreement." *Gonzales, supra,* No. 2:20-CV-08299-SB-AS, 2022 WL 17578867, at *2, citing *Viking River, supra,* 142 S. Ct. at 1925. Plaintiff is allowed to bring his individual and representative PAGA claims, even on behalf of those who signed arbitration agreements:

> Nothing in *Viking River*, moreover, suggests that Gonzales is precluded in his representative capacity from obtaining penalties for violations suffered by aggrieved employees who agreed to arbitrate their claims. As the Supreme Court explained, those employees are not "parties" to the litigation and do not possess "anything more than an inchoate interest in the litigation proceeds."

*Id.* at *2. The *Gonzales* court concluded that "Charter's contention that *Viking*

*River* serves to limit the scope of penalties that can be recovered for the nonindividual claims in this action—to include penalties only for other aggrieved employees who have not signed an arbitration agreement—is without merit." *Id.* at *2. Likewise, Defendant Dollar General's argument is without merit.

Moreover, the arbitration agreements at issue here do not contain any non-participation language for signatories. See Doc. 153-1, Exs. A-C. Therefore, they do not "preclude consideration of the violations they experienced in calculating penalties," preclude them from receiving penalties, or preclude them from submitting evidence as witnesses. *Gonzales,* 2022 WL 17578867 at *2. The representative, collective, and class action waiver at issue, like here, does not prohibit employees from having an "inchoate interest" in actions brought by other employees. *Id.* at *3. Even language waiving participation in representative actions does not prohibit an aggrieved employee who signed the arbitration agreement to provide evidence or receive penalties from a PAGA action brought by another who is not bound by the agreement. *Ibid.* Plaintiff may bring his claim for PAGA penalties on behalf of the state and receive penalties for violations suffered by all aggrieved employees, including those who signed arbitration agreements. The Court should deny Defendant's motion.

B. Moreover, If The Court Finds It Necessary To Analyze The Arbitration Agreements, Aggrieved Employees' Claims Are Not Subject To Arbitration

If the Court is inclined to analyze the arbitration agreement's applicability to aggrieved employees' claims, it should find their PAGA claims are not subject to arbitration. The arbitration agreements at issue contain a waiver of representative actions, which include PAGA. Such PAGA claims cannot be waived as a matter of law and so the invalid and unenforceable waiver language must be stricken. See *Iskanian, supra,* 59 Cal.4th at 383-84 (waivers of representative PAGA claims are unlawful); *Viking River, supra,* 142 S.Ct. at 1924-25. Moreover, the agreements do not contain any mechanism requiring bifurcation of Plaintiff's PAGA claim into individual and non-individual (representative) claims that would require aggrieved

employees to arbitrate individual PAGA claims.

1. Standard Governing Arbitration Agreements

It is a well-settled principle that "arbitration is a matter of contract." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003); *Ramos v. Westlake Services LLC* 242 Cal.App.4th 674, 685 (2015). Even under the FAA, arbitration agreements must be interpreted the same way as any other contract, not less, and certainly not more, favorably. See 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion* 563 U.S. 333, 339 (2011). "In adjudicating whether parties have agreed to arbitrate, 'district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure.'" *Potts v. Sirius XM Radio Inc.*, No. CV 21-9755-DMG (KSX), 2022 WL 17098184, at *2 (C.D. Cal. Oct. 25, 2022).

2. The Arbitration Agreements Contain Invalid PAGA Waivers

The Arbitration Agreements produced by Defendant contain a representative action waiver:

> **Class and Collective Action Waiver: You and Dollar General may not assert any class action, collective action, or representative action claims in any arbitration pursuant to this Agreement or in any other forum. You and Dollar General may bring individual claims or multi plaintiff claims joining together not more than three plaintiffs, provided that the claims are not asserted as a class, collective or representative action. Non representative, multi plaintiff arbitrations (up to the three plaintiff limit) may only be filed if each of the plaintiff's claims: (1) arises out of the same transaction, occurrence, or series of transactions or occurrences; (2) arises out of the same work location; and (3) presents a common question of law or fact. . . .**

Dkt. 153-1 at 8 [Ex. A], at 13 [Ex. B], at 16 [Ex. C]. The Agreements require "any invalid, illegal or unenforceable provisions shall be modified or stricken." Dkt. 152-1 at 10 [Ex. A], at 14 [Ex. B], at 19 [Ex. C]. Moreover, the Agreements state that "Covered Claims also do not include claims pending in court as of the date this Agreement is signed." Dkt. 153-1 at 9 [Ex. A], at 14 [Ex. B], at 18 [Ex. C].

"*Iskanian*'s holding that waivers of PAGA claims are unenforceable as against

public policy remains good law following *Viking River*" and does not circumvent the FAA. *Mills v. Facility Sols. Grp., Inc.*, 84 Cal. App. 5th 1035, 300 Cal. Rptr. 3d 833, 855 (2022). The Agreements prohibit the employee from bringing a PAGA action. This is an invalid waiver because PAGA claims are representative claims that cannot be waived as a matter of law. *Iskanian, supra,* 59 Cal.4th at 383-84 (waivers of representative PAGA claims are unlawful); *Viking River, supra,* 142 S.Ct. at pp. 1924-25; *Potts v. Sirius XM Radio Inc.*, No. CV 21-9755-DMG (KSX), 2022 WL 17098184, at *5 (C.D. Cal. Oct. 25, 2022) ("the term 'representative action' encompasses a PAGA claim in both its individual and non-individual aspects" and is therefore "a wholesale waiver" of PAGA claims). The U.S. Supreme Court found that *Iskanian*'s holding invalidating wholesale waivers of representative PAGA claims "is not preempted by the FAA." *Viking River, supra,* 142 S.Ct. at 1924-25. Even an arbitration agreement with an opt-out, as is present in these agreements, does not render a PAGA waiver valid. *Securitas Security Services USA, Inc. v. Superior Court* 234 Cal.App.4th 1109, 1121-22 (2015). Recently, *Mills v. Facility Sols. Grp., Inc.* held that a waiver stating an employee "waives any and all rights to proceed as a member of a group or class" against the employer is unlawful under *Iskanian* and *Viking* for prohibiting representative PAGA claims. No. B313943, 2022 WL 16569298, at *13 (Cal. Ct. App. Nov. 1, 2022); see *Navas v. Fresh Venture Foods, LLC*, 85 Cal. App. 5th 626, 301 Cal. Rptr. 3d 423, 431 (2022) ("Employers may not force employees to waive their right to bring a PAGA action" and moreover cannot unilaterally forfeit an employee's individual PAGA claim without first "explaining . . . what is an individual PAGA claim, and [second] obtaining the employee's *consent* to waive the right to file an individual PAGA claim in court."). Accordingly, the Court must strike any language that would waive employees' ability to bring a PAGA claim. After such unlawful language is stricken, there is no clause addressing aggrieved employees' PAGA claim that would require arbitration of an individual component.

//

3. Unlike *Viking River*, There Is No Provision In The Agreement To Bifurcate And Compel Employees' Individual PAGA Claims

The Agreement here does not contain any language that "divi[des] PAGA actions into individual and non-individual claims" that caused the individual component of the employee's PAGA claim to be arbitrated in *Viking River*. *Viking River, supra,* 142 S.Ct. at 1924. In *Viking River,* the arbitration agreement had a class action and representative action waiver, specifically identifying PAGA. Of critical importance, it also had a severability clause that directed enforcement of any portion of the waiver that remained valid if another portion was found invalid. *Id.* at 1916. The Supreme Court's holding relied on the severability clause specifying "the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration" because that "permitted arbitration of Moriana's individual PAGA claim even if wholesale enforcement was impossible." *Viking River, supra,* 142 S.Ct. at p. 1917. The contract language with the "savings" clause that was instrumental in the U.S. Supreme Court's decision is simply not present here. See *Viking River, supra,* 596 U.S. __, 142 S.Ct. at p. 1925 ("Based on this [severability] clause, Viking was entitled to enforce the agreement insofar as it mandated arbitration of Moriana's individual PAGA claim."). Here, the severability clause states, in its entirety:

> If any parts of this Agreement are found to be invalid, illegal, or unenforceable, the validity, legality, and/or enforceability of the remaining provisions will not be affected by that decision, and any invalid, illegal or unenforceable provisions shall be modified or stricken.

Dkt. 152-1 at 10 [Ex. A], at 14 [Ex. B], at 19 [Ex. C]. The Agreements do not contemplate the bifurcation of a representative claim as the parties did in *Viking River.* Unlike the severability language in *Viking River,* where the clause specifically stated that a "portion" of the waiver must be enforced in arbitration, the Agreement here merely states that the invalidity, illegality, or unenforceability of one provision would not affect another. There is no affirmative language permitting or requiring an

employee to bifurcate their PAGA claim to submit an 'individual' portion of it in arbitration. Defendant has not met its burden to demonstrate that aggrieved employees have claims subject to arbitration. The Court must deny Defendant's motion.

## V. CONCLUSION

The Court should deny Defendant's motion for partial summary judgment in its entirety.

Dated: January 2, 2023 **KINGSLEY & KINGSLEY, APC**

By: */s/ Liane Katzenstein Ly*
Eric B. Kingsley, Esq.
Liane Katzenstein Ly, Esq.
*Attorneys for Plaintiffs*
BRIAN GILE AND RANDOLPH GALLEGOS