UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GILE, an individual, on behalf of himself and all others similarly situated; RANDOLPH GALLEGOS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLGEN CALIFORNIA, LLC, a Tennessee limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 5:20-cv-01863-MCS-SP<br><br>**ORDER RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 153)** |

Defendant Dolgen California, LLC moved for partial summary judgment as to Plaintiff Randolph Gallegos' Private Attorneys General Act ("PAGA") claim. (Mot., ECF No. 153.) Plaintiff opposed the motion, (Opp'n, ECF No. 155), and Defendant replied, (Reply, ECF No. 157). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

///

1

## I. Background

The factual basis and procedural history of this case are outlined in greater detail in the Court's order denying Plaintiff's motion for class certification. (Order Denying Mot. for Class Certification, ECF No. 125.) In that order, the Court concluded Gallegos and Gile were inadequate and atypical representatives because an overwhelming majority of putative class members were subject to an enforceable arbitration agreement, whereas Gallegos and Gile were not. (*Id.* at 4–7.) Relevant to this motion, the Court recognized that PAGA "representative action[s] need not be certified," as they are fundamentally different and "'exhibit virtually none of the procedural characteristics of class actions.'" (*Id.* at 3 (quoting *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1920 (2022).) Defendant's motion seeks partial summary judgment as to Plaintiff's PAGA claim arising from Defendant's alleged failure to reimburse his expenses, as well as expenses of Defendant's other employees, pursuant to California Labor Code section 2802. (Mot. 3.)

## II. Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. Analysis

Defendant argues that partial summary judgment is appropriate for two principal reasons. First, Defendant argues that approximately 99% of the employees who worked

as Key Carriers at Defendant's California stores agreed to have employment disputes resolved through arbitration. (Mot. 6; *see* Pls.' Statement of Genuine Disputes ¶¶ 11–13, ECF No. 155-1.) Defendant claims these employees have "waived their ability to litigate their individual PAGA claims in a judicial forum," meaning they "lack statutory standing as 'aggrieved employees' under PAGA" and cannot have their claims "joined to Plaintiff's non-individual PAGA action pursuant to" the Supreme Court's decision in *Viking River*. (Mot., at iii.) Second, Defendant argues Plaintiff's claim is preempted by the Federal Arbitration Act ("FAA") "to the extent Plaintiff's claim deprives" employees subject to an arbitration agreement "of their contractual right to arbitrate their PAGA claims." (*Id.*)

### A. California's PAGA

In its *Viking River* decision, the Supreme Court accurately summarized the basic framework of California's PAGA law. "The California Legislature enacted [PAGA] to address a perceived deficit in the enforcement of the State's Labor Code." *Viking River*, 142 S. Ct. at 1913. Recognizing that the State itself "did not have sufficient resources to" adequately enforce labor laws, the Legislature "decided to enlist employees as private attorneys general." *Id.* at 1913–14. Accordingly, "PAGA authorizes any 'aggrieved employee' to initiate an action against a former employer 'on behalf of himself or herself and other current or former employees' to obtain civil penalties that previously could have been recovered only by the State." *Id.* at 1914 (quoting Cal. Lab. Code § 2699(a)). An "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c). Once an "aggrieved employee" exhausts the necessary administrative procedures, the employee is entitled to bring suit. *Id.* § 2699.3(a).

"In any successful PAGA action, [California's Labor and Workforce Development Agency] is entitled to 75 percent of the award," and "[t]he remaining 25 percent is distributed among the employees affected by the violations at issue." *Viking*

3

1   *River*, 142 S. Ct. at 1914 (citing Cal. Lab. Code § 2699(*i*)). Importantly, "the State 'is always the real party in interest'" to any PAGA action. *Id.* (quoting *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 382 (2014)). "The primary function of PAGA is to delegate a power to employees to assert 'the same legal right and interest as state [labor] law enforcement agencies." *Id.* at 1914–15 (quoting *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986 (2009)).

"PAGA's unique features have prompted the development of an entire vocabulary unique to the statute . . . ." *Id.* at 1916. "An unfortunate feature of this lexicon is that it tends to use the word 'representative' in two distinct ways." *Id.* The first use of the term "representative" relates to the plaintiff's status as an agent or proxy of the State of California. *Id.*; *see Arias*, 46 Cal. 4th at 986. The second application of the term relates to the plaintiff's status as a "representative" who is bringing "PAGA claims arising out of events involving other employees." *Viking River*, 142 S. Ct. at 1916. For the purposes of clarity, the Court will refer to this second form of "representative" action as a non-individual PAGA action.

### B. Other Employees' Arbitration Agreements Do Not Prevent Plaintiff from Bringing a Non-Individual PAGA Action

In *Viking River*, the Supreme Court interpreted California law to conclude former employees who are subject to an arbitration agreement lack "statutory standing to continue to maintain [their] non-individual [PAGA] claims in court."[1] *Viking River*, 142 S. Ct. at 1925. The Court reasoned that in these circumstances, employees' disputes have "been committed to a separate proceeding," meaning "the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." *Id.*

---

[1] In her concurring opinion, Justice Sotomayor recognized that if the Supreme Court's "understanding of state law is wrong, California courts, in an appropriate case, will have the last word." *Viking River*, 142 S. Ct. at 1925 (Sotomayor, J., concurring).

4

Here, Defendant urges the Court to extend the "logic and rationale" of *Viking River* and conclude that the inverse must also be true. (Mot. 1.) Specifically, Defendant argues that when employees are bound by an arbitration agreement, they have waived their ability to litigate their individual PAGA claims in court and therefore cannot have their claims "joined to Plaintiff's non-individual PAGA action," even when the plaintiff has statutory standing. (Mot., at iii.) According to Defendant, under *Viking River*, "the non-individual PAGA claims of 'aggrieved employees' can only be maintained in a court if said 'aggrieved employees' have standing to pursue their individual PAGA claims in court." (*Id.* at 8.)

Defendant's argument is premised on a misunderstanding of the unique structure of non-individual PAGA actions. The Supreme Court's analysis of California's PAGA statute in *Viking River* can help provide clarity. Although the Court characterized PAGA as something that "is effectively a rule of claim joinder," *Viking River*, 142 S. Ct. at 1915, it also recognized that absent employees are not "parties" to a non-individual PAGA action "in any of the senses in which absent class members are," *id.* at 1920. Unlike a plaintiff in a class action who "can raise a multitude of claims because he or she represents a multitude of absent individuals," a non-individual PAGA action plaintiff "by contrast, represents a single principal, [California's Labor and Workforce Development Agency], that has a multitude of claims." *Id.* Further, while an employee subject to an arbitration agreement may have "a future interest in the penalties awarded" in a non-individual PAGA action, that interest does not give that employee "anything more than an inchoate interest in litigation proceeds." *Id*. Applying the Supreme Court's analysis to this case, it is clear employees subject to an arbitration agreement are in no sense parties to this suit, meaning potential issues as to their statutory standing are irrelevant.

Nor does Defendant's argument find purchase in the text of California's PAGA statute. Any provision of California's Labor Code "that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . may,

as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). So long as the plaintiff is an "aggrieved employee," there is nothing in the statute that prevents him or her from bringing "PAGA claims arising out of events involving other employees." *Viking River*, 142 S. Ct. at 1916.

Ultimately, Defendant's "contention that *Viking River* serves to limit the scope of penalties that can be recovered for the nonindividual claims in this action—to include penalties only for other aggrieved employees who have not signed an arbitration agreement—is without merit." *Gonzales v. Charter Commc'ns, LLC*, No. 2:20-cv-08299-SB-AS, 2022 WL 17578867, at *2 (C.D. Cal. Nov. 18, 2022). At most, employees subject to an arbitration agreement have arguably waived statutory standing as to their individual PAGA claims. Nothing in PAGA's statutory text or the Supreme Court's *Viking River* decision leads to the conclusion that these employees have "relinquished their right as 'aggrieved employees' to have their individual PAGA claims litigated in court . . . via someone else's non-individual PAGA action." (Mot. 9.)

### C. Plaintiff's Claims Are Not Preempted by the FAA

Defendant argues that "if Plaintiff were allowed to assert non-individual PAGA claims in court based on the arbitrable claims of other employees, it would effectively circumvent those employees' arbitration agreements." (Mot. 9 (emphasis removed).) Defendant claims that because Plaintiff's non-individual PAGA action would trigger res judicata, Plaintiff's claims "would unduly interfere with the arbitration agreements of almost 99% of" Defendant's other employees, and are therefore preempted in substantial part by the FAA. (*Id.* at 10.)

Defendant's argument is contrary to clearly established Supreme Court and Ninth Circuit precedent. As Defendant correctly notes, "the FAA preempts not only state rules that facially discriminate against arbitration, but also those that interfere with the fundamental aspects of arbitration." (*Id.* at 9 (citing *Viking River*, 142 S. Ct. at 1917–

6

18).) "In all pre-emption cases," courts "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (internal quotation marks omitted). For this reason, "[i]n determining whether a state law is impliedly preempted, the purpose of Congress is the ultimate touchstone." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 433 (9th Cir. 2015) (cleaned up). "As the California Supreme Court has explained, a PAGA action is a form of qui tam action. Qui tam actions predate the FAA by several centuries. The FAA was not intended to preclude states from authorizing qui tam actions to enforce state law." *Id.* at 439–40 (citations omitted). Because Congress did not intend the FAA to prevent Plaintiff from bringing the non-individual PAGA action, Plaintiff's claims are not preempted by the FAA.

Although *Viking River* held that the FAA preempted certain aspects of California law, the Ninth Circuit's conclusion in *Sakkab* remains valid. In *Iskanian*, the California Supreme Court held that an employee's right to bring a representative PAGA action on behalf of the State of California is unwaivable and that contracts requiring employees to bifurcate individual and non-individual PAGA actions between arbitration and judicial proceedings are similarly invalid. 59 Cal. 4th at 383. In *Viking River*, the Supreme Court concluded the FAA only preempted the rule banning contracts bifurcating individual and non-individual PAGA actions, since it "defeat[ed] the ability of parties to control which claims are subject to arbitration." 142 S. Ct. at 1924. Because no such contracts are at issue here, nothing in *Viking River* disturbed the Ninth Circuit's clear reasoning in *Sakkab*.

Even if resolution of the motion were not guided by *Sakkab*, Defendant urges the Court to take an unduly broad approach to FAA preemption. An arbitration agreement merely guarantees the right to an arbitral forum *in the event either party wishes to resolve an employment dispute.* Where a party has not opted to exercise this right, the FAA does not bar non-individual PAGA enforcement or otherwise "place any

7

restriction on a nonparty's choice of a judicial forum." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). Further, whatever the res judicata effect of this action may have, it would apply equally to all employees, irrespective of whether they are subject to an arbitration agreement. If Plaintiff's PAGA action would preclude a subsequent action by an employee *not* subject to an arbitration agreement, it is difficult to discern any reason why employees who *are* subject to such an agreement should be entitled to special treatment. The FAA does not elevate agreements to resolve disputes through arbitration (should a dispute ever arise) into bulwarks shielding employers from qui tam provisions of California labor law. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967) (recognizing Congress's purpose in enacting the FAA "was to make arbitration agreements as enforceable as other contracts, but not more so").

## IV. Conclusion

For the reasons stated above, Defendant's motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: February 8, 2023

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE